1  Jenny L. Doling, Esq. (SBN 207033)
   Summer M. Shaw, Esq. (SBN 283598)
2  DOLING, SHAW & HANOVER, APC
   36-915 Cook Street, Suite 101
3  Palm Desert, CA  92211
   (760)341-8837 – Phone
4  (760)341-3022 – Fax
   jd@dshapc.com/ss@dshapc.com
5  *Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No.:    6:11-bk-36676-SC |
| | Chapter:    7 |
| EDWARD J. DE BAGGIS, | **DEBTOR('S') EX PARTE NOTICE OF MOTION AND MOTION TO REOPEN CHAPTER 7 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF EDWARD J. DE BAGGIS IN SUPPORT THEREOF** |
| Debtor. | (No hearing required) |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE; CHAPTER 7 TRUSTEE; UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

Pursuant to LBR 5010, Debtor Edward J. De Baggis ("Debtor") hereby moves this Court, *ex parte*, to reopen this closed Chapter 7 case to permit Debtor to file a Motion to Avoid Lien Under 11 U.S.C. §522(f).

This Motion is premised upon the authority granted in §350(b) of the U.S. Bankruptcy Code, which permits a case to be reopened to administer assets, to accord relief to the Debtor, or for other case.

/////

1  This Motion is based on this Notice of Motion and Motion, the attached Memorandum of
2  Points and Authorities, and the attached Declaration of Edward J. De Baggis.

3

4  Date: 8/27/18                                Respectfully submitted,

5                                               **DOLING SHAW & HANOVER, APC**

6

7                                               By: _____
                                                Jenny L. Doling
8                                               Attorneys for Debtor

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DEBTOR'S EX PARTE NOTICE OF MOTION AND MOTION TO REOPEN CHAPTER 7 CASE
-2-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By this Motion, Debtor seeks an Order to reopen this closed Chapter 7 case pursuant to §350(b) of the U.S. Bankruptcy Code to permit Debtor to file a Motion to Avoid Lien Under 11 U.S.C. §522(f).

## II.

## STATEMENT OF FACTS

Debtor filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code on August 19, 2011 ("Petition Date"). On June 28, 2011, an Abstract of Judgment was recorded by HSBC Bank Nevada, N.A., as Docket No. 2011-0283251, with the County of Riverside. Said recording created a lien on Debtor's residence.

Debtor was unaware of the existence of the lien and on December 7, 2011, Debtor received his discharge, and the case was closed. After learning that there was a recorded lien on his property, he retained DOLING SHAW & HANOVER, APC to represent him in this matter.

## III.

## ARGUMENT

§350(b) of the U.S. Bankruptcy Code provides, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The Courts have determined that the decision as to whether to reopen a bankruptcy case is committed to the sound discretion of the bankruptcy judge. *In re Rosinski*, 12 C.B.C. 923 at 925 (6th Cir. 1985).

In this case, allowing Debtor to reopen his case to avoid an involuntary judgment lien would accord relief to Debtor within the meaning of 11 U.S.C. §350(b).

Neither the entry of a discharge or the closing of the case acts as a bar to lien avoidance under 11 U.S.C. §522(f). *In re Ricks*, 89 B.R. 73 (9th Cir. B.A.P. 1988); and *In re Yazzie*, 24 B.R. 576 (9th Cir. B.A.P. 1982). In addition, there is no deadline in the Bankruptcy Code or the Federal Rules of

Bankruptcy Procedure for initiating a lien avoidance proceeding under §522(f), especially when contrasted with other Bankruptcy Code sections, such as §546(a). *In re Ricks*, 89 B.R. at 75.

Furthermore, the reopening of Debtor's Chapter 7 bankruptcy proceeding to allow for lien avoidance will accord equitable relief to the Debtor and permit him to enjoy all the benefits of a "fresh start".

## IV.
## CONCLUSION

Based on the foregoing, Debtor respectfully requests that the Court reopen Debtor's closed Chapter 7 case for the purpose of filing a Motion to Avoid Lien.

DATED: 8/27/18

Respectfully submitted,

**DOLING SHAW & HANOVER, APC**

By: _____
Jenny L. Doling
Attorneys for Debtor

## DECLARATION OF EDWARD J. DE BAGGIS

I, EDWARD J. DE BAGGIS, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon to testify, I could and would competently testify to the truthfulness of all statements contained herein.

1. I am the Debtor in the above-noted bankruptcy case and this Declaration is written in support of my Motion to Reopen my Chapter 7 bankruptcy case.

2. I filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code on August 11, 2011 ("Petition Date"). At that time, I was represented by Donald J. Gagnon.

3. On June 28, 2011, and Abstract of Judgment was recorded by HSBC Bank Nevada, N.A., as Docket number 2011-0283251, with the County of Riverside. Said recording created a lien on my residence.

4. I was not aware of the existence of the lien held by HSBC Bank Nevada, N.A.

5. On December 7, 2011, I received my discharge and my case was closed.

6. On August 27, 2018, after learning that there was a lien on my property, I decided to retain DOLING SHAW & HANOVER, APC to help represent me in the matter.

7. Now I seek to reopen my bankruptcy case so that counsel can file a Motion to Avoid Lien Under 11 U.S.C. §522(f).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration is executed on this 21 day of August 2018, at Palm Desert, California.

_____
Edward J. De Baggis
Debtor

| In re: | | CHAPTER: 7 |
|---|---|---|
| Edward J De Baggis | Debtor(s). | CASE NUMBER: 6:11-bk-36676-SC |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
36-915 Cook Street, Suite 101
Palm Desert, CA 92211

A true and correct copy of the foregoing document entitled (specify): _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 8-27-18, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael W Aiken    MAiken@NBSDefaultServices.com
Patti H Bass    ecf@bass-associates.com
Donald J Gagnon    gagnonecf@gmail.com, gagnondr81101@notify.bestcase.com
Howard B Grobstein (TR)    hbgtrustee@gtfas.com, C135@ecfcbis.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 8-27-18, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| JUDGE | DEBTOR |
|---|---|
| Hon. Scott Clarkson | Edward De Baggis |
| United States Bankruptcy Court | 73905 Hwy 74, Space 32 |
| 411 West Fourth Street, Ste. 5130 | Palm Desert, CA 92260 |
| Santa Ana, CA 927-1 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8-27-18 | Teresa R. Stone | [signature] |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    9013-3.1.PROOF.SERVICE